**Bertha MACIA, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary, U.S. Department of Health and Human Services, Defendant-Appellee.**

**No. 86–5884**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 14, 1987.

A.J. Vila, III, Miami, Fla., for plaintiff-appellant.

Leon B. Kellner, U.S. Atty., Miami, Fla., David De Maio, David O. Leiwant, and Linda Collins Hertz, Asst. U.S. Attys., for defendant-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Bertha Macia appeals from the judgment of the district court affirming the Health and Human Service Secretary's denial of her claim for a period of disability and disability insurance benefits. Macia contends: (I) the Secretary did not apply the proper legal standards in evaluating Macia's complaints of pain and other symp-

toms and the opinions of Macia's treating physicians; (II) the Administrative Law Judge (ALJ) erred because he did not apply the Grid to determine whether Macia was disabled; and (III) the ALJ improperly concluded that Macia's past relevant work included a job she performed 12 years prior to the administrative hearing. We affirm.

Macia sought disability benefits after she severely fractured her right shoulder in an accidental fall in 1984 and also complained of pain in her left elbow from a previous injury. She was born in 1927, has a high school education and three years of college. She has been employed previously as a receptionist and a salesperson. The ALJ concluded that Macia retained the residual functional capacity to perform her past work as a receptionist which was sedentary in nature.

### I.

Macia argues the Secretary failed to apply the new legal standard for the evaluation of pain as set forth in 42 U.S.C.A. § 423(d)(5). The relevant standard governing Macia's complaints of pain and other symptoms is set forth in the statute:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques ... must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The Secretary must consider a claimant's subjective testimony of pain if there is evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the pain; or (2) that the medical condition could reasonably be expected to produce the pain. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir.1986).

The medical record includes objective evidence of pain, and the ALJ acknowledged that Macia experienced pain. The record supports the ALJ's finding, however, that the degree of pain was not determinative when considered in the light of all of the evidence. While the medical evidence indicates Macia experiences pain and limited movement related to her right shoulder and left elbow, there is also evidence she has a normal range of motion in the left shoulder and the left wrist, and the right elbow and wrist are all within normal limits. She has the ability to perform such tasks as dialing a phone, writing, opening a door, buttoning and unbuttoning. She retains the ability to sit or stand and walk about six hours a day and can frequently lift ten pounds. Thus, there was sufficient evidence from which the ALJ could conclude that Macia was able to perform work which was sedentary in nature. *See* 20 C.F.R. § 404.1567(a).

Macia asserts that the ALJ improperly based her opinion on personal observations at the hearing. The ALJ is not prohibited "from considering the claimant's appearance and demeanor during the hearing." *Norris v. Heckler,* 760 F.2d 1154, 1158 (11th Cir.1985). The ALJ did note Macia's demeanor but did not discredit Macia's testimony solely on this basis. As in *Norris,* the ALJ here considered all of the evidence and found her pain was not of such a severity as to cause disability. *See Arnold v. Heckler,* 732 F.2d 881, 884 (11th Cir.1984).

Contrary to Macia's assertion, the ALJ gave proper weight to the reports of her treating physicians. The ALJ credited the medical reports which document the existence of pain. At most, the ALJ failed

**1012**

to credit the opinion of Dr. Iznaga who stated in a letter that she had a permanent physical impairment of the right shoulder and stated that Macia was "unable to perform her regular duties." This statement, however, is ambiguous. If the reference to "regular duties" refers to her ability to work as a salesperson, it may have no reference or relevance to the question of whether she can perform the "regular duties" of a receptionist. Moreover, the permanent impairment of the shoulder does not necessarily mean a disability to do any work. *See Knott v. Califano*, 559 F.2d 279, 281–82 (5th Cir.1977).

Although Macia claims the ALJ failed to evaluate her combination of impairments of the right shoulder and left elbow, the ALJ considered these conditions at length and found that she had "status post fracture right shoulder and left elbow." The ALJ made specific and well articulated findings as to the effect of the combination of impairments. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984).

Macia argues that the ALJ improperly based her decision on Macia's testimony concerning daily activities. She cites 20 C.F.R. § 404.1572(c), which provides that activities such as "household tasks, hobbies, therapy, school attendance, club activities, or social programs" are generally not considered "substantial gainful activity." This regulation prevents the determination of non-disability at the first step of the sequential evaluation process on the basis of daily activities. 20 C.F.R. § 404.1520(b). The regulations do not, however, prevent the ALJ from considering daily activities at the fourth step of the sequential evaluation process. *See* 20 C.F.R. § 404.1520(e).

### II.

Macia's argument that the ALJ should have applied Rule 201.06 of the Grid, 20 C.F.R. § 404, Subpart P, Appendix 2, § 201.00 Table 1, fails because the Grid is applied only if the claimant is unable to perform "his or her vocationally relevant past work." 20 C.F.R. 404, Subpart P, Appendix 2, § 200.00(a).

### III.

Macia contends that the ALJ should have disregarded her past work as a receptionist which she performed 12 years prior to her hearing, even though the regulations refer to relevant work experience as work done within the last 15 years, 20 C.F.R. § 404.1565(a). Macia presented no evidence to establish that the skills and abilities she acquired as a receptionist 12 years ago were no longer applicable to the requirements of that job today. A presumption of inapplicability of these skills and abilities arises only if the work was performed more than 15 years ago. 20 C.F.R. § 404.1565(a). Macia had the burden to prove her inability to perform her past relevant work. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985). She failed to meet this burden.

AFFIRMED.