**Ida J. CREECH, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner
of Social Security, Defendant.**

No. 96–1912–Civ–T–17F.

United States District Court,
M.D. Florida,
Tampa Division

June 29, 1998.

Suzanne Harris, Law Office of Suzanne Harris, Lakeland, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for Shirley Chater, Commissioner of the Social Security Administration, Defendant.

Michael A. Cauley, U.S. Attorney's Office, Tampa, FL, for Kenneth S. Apfel, Commissioner of Social Security, Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on the Report and Recommendation entered by Magistrate Judge Mary S. Scriven, on April 20, 1998 (Dkt.15), and Plaintiff's objections thereto, filed April 28, 1998 (Dkt.16). After reviewing the Report and Recommendation findings in light of Plaintiff's objections, this Court Adopts the Magistrate Judge's Report and Recommendation.

## I. STATEMENT OF THE CASE

Plaintiff filed a claim of disability on June 17, 1993, alleging she suffers from a bulging disc, scoliosis, bronchitis, sinusitis, a hiatal hernia, recurring headaches and associated pains. On January 4, 1995, Plaintiff had a hearing before the Administrative Law Judge ("ALJ") where she testified about her alleged disability.

Plaintiff was 60 years old at the time of her hearing. She dropped out of school in the eighth grade, and never attained a high school equivalency degree. Plaintiff has worked as a waitress and a cook.

On July 10, 1995, the ALJ found that Plaintiff was not disabled under the Social Security Act (hereinafter "the Act").

## II. STANDARD OF REVIEW

In order to be entitled to Social Security disability benefits and supplemental security income (hereinafter "SSI"), a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical impairment which ... has lasted or can be expected to last for a continuos period of not less than 12 month." 42 U.S.C § 423(d)(1)(A) (1996). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) (1996).

The Social Security Regulations (hereinafter "Regulations") outline a five-step sequential process for determining if a person is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (1996); *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The first inquiry is whether the claimant has engaged in substantial gainful activity at any time since the alleged onset date. If so, benefits must be denied. 20 C.F.R. §§ 404.1520(b), 416.920(b) (1996). If the claimant has not worked since the onset date, the second step in the process requires a determination of whether the claimant has a "severe" impairment or combination of impairments. An impairment is severe if it significantly limits the claimant's physical or mental ability to engage in basic work-related activities. 20 C.F.R. §§ 404.1520(c), 416.920(c), 416.971 (1996). The ability to do basic work activities as defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521, 416.921 (1996). A disability or SSI claim is denied if the claimant does not have a severe impairment.

If the impairment or combination of impairment is, in fact, severe, then the third step requires a comparison of the claimant's condition with the Commissioner's listed impairments. These impairments are considered so severe that they preclude substantial gainful activity and conclusively presume disability. 20 C.F.R. §§ 404.1520(f), 416.920(f) (1996). Claimant, then, is only entitled to benefits if unable to perform other work. Id.

If the claimant's condition does not meet or equal the requirements for any listed impairments, he or she cannot be considered disabled based upon medical facts alone. As such, step four requires a determination of whether the claimant is able to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e) (1996). If claimant is unable to perform past relevant work, then the fifth and final step is an inquiry into claimant's ability to perform other work in the national economy, considering his or her age, education and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (1996). Claimant, then, is only entitled to benefits if unable to perform other work. Id.

### A. REVIEW OF ALJ FINDINGS

A determination by the Secretary that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1996). If supported by substantial evidence, findings of the Commissioner of Health and Human Services are conclusive. Id. Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427 (1971). The controlling reasonable mind standard mandates that if there is pertinent and adequate evidence supporting a decision, it must be upheld. *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may not substitute its own judgment for the Secretary's nor re-evaluate the evidence unless the decision is clearly illogical and unsubstantiated. *See Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). *See also, Powell v. Heckler,* 773 F.2d 1572, 1575 (11th Cir.1985). Therefore, even if the evidence appears to weigh against the decision of the Secretary, this Court must affirm the decision if there is

sufficient supporting evidence. *Martin*, 894 F.2d at 1529 (11th Cir.1990). *See Bloodsworth*, 703 F.2d at 1239 (11th Cir.1983). The scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence, and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983).

 Moreover, it is the function of the Secretary, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir.1971). Similarly, it is the responsibility of the Secretary to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963).

B. THE MAGISTRATE'S REPORT AND RECOMMENDATION.

 Under the Federal Magistrate's Act, Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this act is found at 28 U.S.C. § 636 (1996). A United States District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations for the disposition of certain pretrial matters. 28 U.S.C. § 636(b)(1)(B) & (C) (1996); Middle District of Florida Local Rule 6.02. Within ten days after being served with a copy of the Report and Recommendation, any party may file written objections to the proposed findings and recommendations. Id. When a party makes a timely objection to a Report and Recommendation by a Magistrate Judge, the determination is subject to de novo review by the district court. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1561 (M.D.Fla.1993). However, portions of the Report and Recommendation that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review. *Id.* at 1561–62.

III. THE ALJ'S FINDINGS

After consideration of the evidence, the ALJ made the following eight findings:

1. The claimant met the disability insured status requirements of the Act on June 17, 1993, the date the claimant stated she became unable to work, and continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since June 17, 1993.

3. The medical evidence establishes that the claimant has a sever combination of impairments which includes a bulging disc, mild scoliosis, and a history of bronchitis and mild, reversible airway disease, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in 20 C.F.R. Appendix 1, Subpart P, Regulations No. 4 (1995).

4. The evidence establishes that the claimant has not experienced any pain or other symptomatology of a disabling level of severity on an ongoing basis.

5. The claimant has the residual functional capacity to perform work-related activities except for work involving lifting more than 20 pounds (citing 20 C.F.R. §§ 404.1545 and 416.945 (1995)).

6. The claimant's past relevant work as a waitress, as she performed the job, did not require the performance of work-related activities precluded by the above limitation(s) (citing 20 C.F.R. §§ 404.1565 and 416.965 (1995)).

7. The claimant's impairments do not prevent her from performing her past relevant work.

8. The claimant was not under a "disability" as defined in the Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(e) and 416.920(e)).

IV. THE REPORT AND RECOMMENDATION

The Report and Recommendation (hereinafter "R & R") entered by Magistrate Judge Mary S. Scriven concluded that the ALJ

followed the regulatory scheme in denying Plaintiff's claim for disability and that the decision is substantially supported by the record as a whole. The R & R focused upon three propositions in coming to this conclusion.

## A. WHETHER PLAINTIFF COULD PERFORM HER PAST RELEVANT WORK AS A WAITRESS.

 The Administrative Law Judge, as well as the Magistrate Judge, considered the evidence of the record in its entirety before reaching their decisions. This evidence included information received subsequent to the initial testimony at the hearing by Plaintiff and medical experts. Based on the evidence they concluded that Plaintiff did not carry the burden concerning residual functional capacity because:

> Dr. C. Hugh Everhart concluded that Plaintiff's mild airway obstruction is reversible: Plaintiff is in "no distress:" Her heart rate was regular, her lungs clear and her x-rays revealed no disabling cardiac or pulmonary disease. (Tr. 90–95).

·Although these tests were conducted on June 1, 1993, follow-up notes showed that Plaintiff's condition had improved and that she did not require any further medical treatment. (Tr. 90).

Additionally, Plaintiff's musculoskeletal complaints, hiatal hernia, epigastric discomfort and blood pressure were considered by the ALJ and the Magistrate Judge. They concluded, that while Plaintiff did not offer medical evidence to support these disabling physical conditions, the medical reports did show that her lungs were clear, her blood test was normal, showing no inflammatory process. (Tr. 90). Although both the ALJ and the Magistrate Judge found that Plaintiff did have minor scoliosis of the mid dorsal spine, no physician considered it to be extraordinary—x-rays of Plaintiff's spine were normal. (Tr. 98). With regards to Plaintiff's hiatal hernia, the ALJ and the Magistrate Judge concluded, through medical evidence, that the hernia was successfully being treated through drug therapy, which, in turn, also relieved her epigastric discomfort. (Tr. 103–124). The ALJ and the Magistrate Judge further noted that Plaintiff's blood pressure was controlled successfully through diet and lifestyle changes, and concerning Plaintiff's scoliosis, Dr. Zemankiewicz, Plaintiff's treating physician, found that:

> There are no bony abnormalities or significant facet changes. There is no evidence of spinal stenosis. There is a mild asymmetrical bulging of the intervertebral disc at L3–L4 on the right with some encroachment upon the neural foramina. The thecal sac and thecal fat, however, appear intact. No significant edema on the nerve root is noted. Findings must be evaluated with physical findings. The soft tissues are unremarkable. IMPRESSIONS: Asymmetrical bulging of the intervertebral disc at L3–L4 on the right, as above; otherwise, unremarkable CT of the lumbosacral spine. (Tr. 137).

 The burden is upon Plaintiff to demonstrate that they can no longer perform their past relevant work. *Macia v. Bowen,* 829 F.2d 1009 (11th Cir.1987); *Jackson v. Bowen,* 801 F.2d 1291 (11th Cir.1986). Plaintiff here has not met this burden. Plaintiff merely presented evidence that she has mild scoliosis and other impairments which are treatable through drug therapy and lifestyle changes. This Court therefore, after careful examination of the record and findings of the ALJ, finds that there was sufficient evidence in the record to support a finding that Plaintiff has the ability to work as a cook or waitress, as well as limiting Plaintiff's residual functional capacity to light exertional requirements.

## B. DR. ZEMANKIEWICZ OPINION

 The R & R correctly notes that Plaintiff originally complained about the ALJ's rejection of Dr. Zemankiewicz's opinion that Plaintiff should not sit or stand for prolonged periods of time. The R & R then points out that the Regulations require the ALJ to generally give more weight to the claimant's treating physician because this professional is most able to provide a detailed, longitudinal picture of the claimant's medical impairments. The treating physician can also bring in a unique perspective to the medical evidence that cannot be obtained from any other source. 20 C.F.R. § 404.1527(d)(2) (1996).

Nevertheless, the physician's opinion is not entirely controlling. In the record in order for the ALJ to give it controlling weight, the opinion must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and must not be inconsistent with the other substantial evidence. Id. An ALJ must give reasons for rejecting the source's opinion. Id. Moreover, some medical opinions, such as ones that the claimant is disabled or unable to work, are not entitled to any specific significance. These issues are reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e) (1996).

The R & R further states that the ALJ rejected Dr. Zemankiewicz's opinion because it was not supported by medical findings and was controverted by other sources. The record supports the ALJ's reasoning. Dr. Zemankiewicz's findings are inconsistent, for he recommends that Plaintiff not sit or stand for a prolonged period of time, but also concludes that there is no evidence of spinal stenosis: no bony abnormalities or significant facet changes: the thecal sac and thecal fat appear intact: no significant edema of the nerve root was noted: and that the CT of the lumbosacral spine appear unremarkable. (Tr. 137)

The ALJ correctly noted that Dr. Zemankiewicz's findings were inconsistent with his own examination reports as well as with Dr. Everhart's findings, which was based in part on objective testing.

## C. SUBSTANTIAL EVIDENCE SUPPORTS ALJ'S FINDINGS

The R & R then states that the ALJ's findings are supported by substantial evidence with regards to Plaintiff's subjective complaints of pain. The Eleventh Circuit has established a three-part "pain standard" that applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. The pain standard requires:

1. Evidence of an underlying condition; and either.

2. Objective medical evidence that confirms the severity of the alleged pain arising from that condition; or,

3. The objectively determined medical condition must be of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir.1991); *Brown v. Sullivan*, 921 F.2d 1233 (11th Cir.1991).

Because a credibility determination is critical to a decision, the ALJ is compelled to make an explicit credibility finding. *Foote v. Chater*, 67 F.3d 1553 (11th Cir.1995); *Hale v. Bowen*, 831 F.2d 1007 (11th Cir.1987); *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir.1986). The ALJ followed these standards by considering Plaintiff's statements as to her ability to perform certain daily functions, cook, do house work, visit relatives and drive. *See* (Tr. 74).

## V. PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

On April 28, 1998, Plaintiff brought forth specific objections to the findings of the Report and Recommendation. After reviewing the R & R and Plaintiff's objections thereto, the Court hereby denies Plaintiff's request for remand and reversal of the ALJ's decision, and fully adopts and confirms the R & R.

Plaintiff objects to the R & R on three grounds:

1. The Magistrate Judge had no valid reason to allow the ALJ to reject Dr. Zemankiewicz's opinion.

2. The error in rejecting Dr. Zemankiewicz's opinion, caused the Magistrate to further err in allowing the ALJ to determine Plaintiff could return to her former work.

3. The Magistrate and ALJ failed to evaluate whether Plaintiff's condition can reasonably be expected to give rise to the alleged pain.

First Plaintiff asserts that the Magistrate Judge erred in allowing the ALJ to reject Dr. Zemankiewicz's opinion, because the opinion was supported by medical evidence, and was consistent with his own findings. Plaintiff contends that the Magistrate Judge found Dr. Zemankiewicz's findings to be inconsistent, because the Magistrate took Dr. Zemankiewicz's statement that Plaintiff was

in good "orthopedic condition" out context. *See* (Tr. 133)

On August 25, 1994, after Plaintiff had been given an epidural steroid injection, Dr. Zemankiewicz reported the following:

> The patient was placed in sitting position. L3–L4 aspect was prepped and draped in sterile manner. The epidural needle was injected into the epidural space and this was injected with 80 mgs of Depo–Medrol. The needle was withdrawn. No intraoperative complications. The patient was sent flat to her room in **good general orthopedic condition**. Id.

The Magistrate, however, found that the "ALJ was not required to defer to Dr. Zemankiewicz where his recommendation was not supported by medical evidence and was, in fact inconsistent with his own medical finding that Plaintiff was in **generally good orthopedic health**." (R & R. p. 8).

Plaintiff asserts that the Magistrate Judge took Dr. Zemankiewicz's statement out of context in finding that it created an inconsistency. Plaintiff contends that Dr. Zemankiewicz was only describing Plaintiff's condition after the epidural injection; "the fact that Plaintiff was in good general orthopedic condition refers only to the fact that the epidural injection transpired without complication." (Response to R & R. p. 3). Plaintiff further contends that "since Dr. Zemankiewicz never stated that she was in good orthopedic health in general, his restrictions are not inconsistent with the statement he never made."

Plaintiff, however, fails to note that not only are Dr. Zemankiewicz's findings inconsistent with Dr. Everhart's objective examinations, but that his findings are also inconsistent with an objective examination he conducted on August 5, 1995 which stated:

> There are no bony abnormalities or significant facet changes. There is no evidence of spinal stenosis. There is a mild asymmetrical bulging of the intervertebral disc at L3–L4 on the right with some encroachment upon the neural foramina. The thecal sac and thecal fat, however, appear intact. No significant edema on the nerve root is noted. Findings must be evaluated with physical findings. The soft tissues are unremarkable. IMPRESSIONS: As-

ymmetrical bulging of the intervertebral disc at L3–L4 on the right, as above; otherwise, unremarkable CT of the lumbosacral spine. (Tr. 137).

Dr. Zemankiewicz's findings were inconsistent.

Second, Plaintiff claims that the Magistrate Judge's error in rejecting Dr. Zemankiewicz's opinion, caused the Magistrate to further err in allowing the ALJ to determine Plaintiff could return to her former work. Because this Court has found that the Magistrate was not in error, and that Dr. Zemankiewicz's findings were inconsistent, Plaintiff's second objection is moot.

Finally, Plaintiff alleges that the Magistrate Judge and the ALJ failed to evaluate whether Plaintiff's condition can reasonably be expected to give rise to the alleged pain. However, the ALJ noted that Plaintiff's "airway disease is mild, and reversible with the use of an inhaler. Her blood pressure is controlled through diet." (Tr. 17). The ALJ also found that while Plaintiff should not lift an excess of twenty pounds, "she could perform her past relevant work as a waitress, which involved no more than light work as she described her job." (Tr. 18). Furthermore, the Magistrate Judge supported the ALJ's finding that "while Plaintiff has complained of musculoskeletal discomfort of several joints, no impairment of any joint has been documented other than her back. She has not needed any hospitalization in connection with her disc disorder or her scoliosis. Her medical visits have been infrequent and much of her pain is alleviated through non-prescription drug therapy, such as limited doses of Advil. Her conditions could be reversed through treatment and lifestyle changes." (R & R. p. 10).

It is clear that both the ALJ and the Magistrate Judge evaluated whether Plaintiff's condition could reasonably be expected to give rise to her allegations of pain, by considering what would alleviate Plaintiff's future pain, as well as how her impairment could be reversed. Accordingly, it is

**ORDERED** that the Report and Recommendation (Dkt.15) be Adopted and incorporated by reference, the appeal of the denial

of benefits be **DENIED,** and Plaintiff's objections are **OVERRULED.** The Clerk of Court shall enter judgment accordingly