[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2012
JOHN LEY
CLERK

No. 11-14472
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00781-GGB

ERNEST LORD,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ernest Lord appeals the order that affirmed the denial of his application for disability insurance benefits and supplemental security income from the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Lord challenges the findings of the administrative law judge that two of Lord's absences during a period of evaluation at Goodwill of North Georgia, Inc., were compatible with employment and that Lord had sufficient residual functional capacity to work as a store attendant. We affirm.

We review the decision of the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Id. (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). That review "precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

Substantial evidence supports the finding of the administrative law judge that Lord's two absences during a period of evaluation at Goodwill were attributable to the stress of that job, not an inability to attend work. Lord blamed the absences on an illness and his tremors, but neither condition had affected his

attendance at other jobs. When evaluated by Goodwill, Lord had been undergoing training and became frustrated and overwhelmed because a job coach had criticized his repetitive cleaning habits. Lord testified that stress and anxiety caused his tremors, and both Dr. Lavanya Subramanian and Dr. Magdy Rezk reported that anxiety exacerbated Lord's tremors. Notably, Lord's physicians reported that Lord's tremors were controlled before he began and after he ended his training at Goodwill.

Substantial evidence also supports the finding of the administrative law judge that Lord could work as a store attendant. Despite Lord's lifelong struggle with obsessive compulsive disorder, between 1994 and 2001, he worked twice at Ryan's Steak House, first as a greeter and server and later as a dishwasher and bar runner, and twice at Walmart, first as a custodian and later as a sales associate, stocker, and cart pusher. He also worked for another employer as a car wash detailer and maintenance worker. After Lord was diagnosed in 2002 with tremors and asthma, he worked as a donation attendant at Goodwill and participated several times in its training program. Drs. Virginia Wood, a consulting psychologist, and Jeffrey Vidic, who conducted a psychiatric review of Lord's medical records, reported that Lord's obsessive disorder imposed moderate limitations in social functioning, concentration, persistence, and pace, and that

3

Lord could recall and complete simple tasks. The administrative law judge included the findings of Wood and Vidic in the hypothetical questions posed to the vocational expert, who opined that Lord was capable of working as a store attendant. Lord argues that opinion failed to account for his poor communication skills, but the hypothetical question provided that Lord required a working environment involving minimal stress and supervision. Moreover, Lord had reported that he enjoyed jobs involving customer service and the administrative law judge observed that Lord's ability to communicate improved as he became more comfortable on the witness stand. See Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Lord also challenges the decision to discount the conclusion in the Goodwill evaluation that he is incapable of competitive employment, but an administrative law judge is not required to credit the opinion of a Goodwill representative that Lord is disabled. See 20 C.F.R. § 416.927(e)–(f).

We **AFFIRM** the denial of Lord's application for benefits.