[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16064
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00787-TEM


RONALD A. CORMIER,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2013)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Cormier appeals the district court's judgment affirming the

Administrative Law Judge's (ALJ) denial of his applications for disability

insurance benefits and supplemental security income from January 2002 onward.[1]
Because substantial evidence supports the ALJ's conclusion that Cormier had a
medical improvement by January 28, 2002, we affirm.

As relevant to this appeal, Cormier applied for social security disability
benefits, alleging a disability onset date of November 7, 1999. At a hearing in
April 2010, Cormier testified that he had a long history of hip and back problems,
and that his pain was a nine out of ten when he did not take his medication. But
Dr. Stephen Waters, Cormier's primary treating physician for his hip, had cleared
Cormier to return to work with restrictions on January 28, 2002. The ALJ
determined that Cormier's disability ended on that date and therefore denied his
claim for retroactive benefits after January 2002. In arriving at that conclusion, the
ALJ placed "great weight" on Dr. Waters's January 2002 opinion that Cormier
could return to work. And the ALJ found that Cormier's "statements concerning
the intensity, persistence and limiting effects of [his] symptoms [were] not credible
beginning on January 28, 2002." Cormier petitioned for review and the district
court affirmed. This is Cormier's appeal.

"We review the Commissioner's decision to determine if it is supported by
substantial evidence and based on proper legal standards." *Crawford v. Comm'r of*

---

[1] The parties consented to try the case before a magistrate judge. To avoid confusion, we refer to the magistrate judge as the district court.

2

*Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (internal quotation marks omitted).

"Substantial evidence is more than a scintilla and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Id.* (internal

quotation marks omitted). A claimant's entitlement to disability benefits

terminates when the claimant has a medical improvement that permits him to

engage in substantial gainful activity. 42 U.S.C. § 423(f)(1). The ALJ conducts an

eight-step inquiry to determine whether disability benefits should be terminated.

*See* 20 C.F.R. § 404.1594(f). The seventh and eighth steps require the ALJ to

consider the claimant's residual functional capacity to determine if the claimant

can perform either his past relevant work or other work. *Id.* §§ 404.1594(f)(7)-(8).

In so doing, the ALJ evaluates the claimant's subjective pain testimony under the

"pain standard," which

> requires (1) evidence of an underlying medical condition and either
> (2) objective medical evidence that confirms the severity of the
> alleged pain arising from that condition or (3) that the objectively
> determined medical condition is of such a severity that it can be
> reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "The claimant's subjective

testimony supported by medical evidence that satisfies the standard is itself

sufficient to support a finding of disability." *Id.* In determining whether to credit

the claimant's subjective pain testimony, the ALJ may "consider[] the claimant's

appearance and demeanor during the hearing," but cannot reject the claimant's

testimony solely on that basis. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (internal quotation marks omitted). Instead, the ALJ must "articulate explicit and adequate reasons" for discrediting it. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

Cormier first contends that the ALJ applied an incorrect standard for evaluating his subjective pain testimony by remarking at the hearing that he did not appear to be in pain. The ALJ noted that Cormier stated his pain on the day of the hearing was a nine out of ten, yet that he appeared "articulate, answered questions . . . without apparent difficulty, smiled, and joked," despite not having taken pain medication on the day of the hearing. But the ALJ did not rely solely on these observations. Indeed, the ALJ articulated several other specific reasons for rejecting Cormier's subjective pain testimony. Cormier testified that he had no significant problems with his hip since 2002, except for some pain. And he was able to walk his dog to a lake near his home down a slope, suggesting his pain was not as severe as he asserted. Further, Cormier's medical history, in particular Dr. Waters's opinion that Cormier could return to work on January 28, 2002, contradicted Cormier's statements regarding the intensity and limiting effects of his pain after that date. We find no error in the process the ALJ used to discredit Cormier's subjective pain testimony. *See id.*

4

Cormier also asserts that substantial evidence did not support the ALJ's determination that his disability ended in 2002. He argues the ALJ did not adequately consider the combination of his hip and back problems because the ALJ relied exclusively on the opinion of Dr. Waters, who treated him only for his hip, and failed to take into account the medical opinions of his other treating physicians, Drs. Silvera, Depaz, and Patel. Yet the opinions of Drs. Depaz and Silvera, who stopped treating Cormier in 1999 and 2000, respectively, had little bearing on the extent of Cormier's disability in 2002. Cormier's visits to Dr. Patel likewise do not render the ALJ's decision to place great weight on Dr. Waters's opinion improper. Dr. Patel treated Cormier for back pain in June 2002, after Dr. Waters cleared Cormier to return to work, and stated that Cormier had low back pain with degenerative joint disease and epidural fibrosis. But Dr. Patel did not indicate if Cormier could work at that time. And Cormier testified that his hip was the principal source of his pain and that his back problems primarily caused numbness and tingling, not pain.

Further, Dr. Waters, upon whom the ALJ chiefly relied to conclude Cormier's disability ended in January 2002, saw Cormier in July of that year, *after* Cormier last visited Dr. Patel. At that time, Dr. Waters reiterated that Cormier was fit to work. Moreover, even though Dr. Waters primarily treated Cormier for his hip, the record indicates that Dr. Waters was aware of Cormier's back injury and

5

had previously opined that Cormier was unable to work due to back pain.  But he later found Cormier fit to assume light-duty work.  Thus, Dr. Waters's opinion accounted for both Cormier's back and hip problems.  Accordingly, substantial evidence supports the ALJ's conclusion that Cormier's disability ended on January 28, 2002.  *See Crawford*, 363 F.3d at 1158-59.

For the foregoing reasons, the district court's judgment affirming the ALJ's decision is

**AFFIRMED.**