[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10389
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00404-GKS-PRL

HAMID MAZUJI,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 19, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Hamid Mazuji, proceeding pro se, appeals the district court's order affirming

the Commissioner of Social Security's denial of his application for disability

insurance benefits.  After reviewing the record and considering the parties' briefs, we affirm.

## I.

In October 2008, Hamid Mazuji broke his knee and wrist when he was hit by a motorcycle while riding his bicycle.  Due to his injuries, he later filed an application for disability insurance benefits, which was partially denied.  An Administrative Law Judge (ALJ) found Mazuji was disabled from October 19, 2008, until April 2, 2010.  But the ALJ also concluded that by April 2, 2010, Mazuji experienced medical improvements that allowed him to perform some sedentary work.  Relying on the testimony of a vocational expert, the ALJ found that the jobs Mazuji was able to perform existed in significant numbers in the national economy.

Mazuji filed a request for review of the ALJ's decision with the Appeals Council, which was denied.  He then appealed to federal district court pursuant to 42 U.S.C. § 405(g).  The district court affirmed the ALJ's decision and Mazuji filed this appeal.

## II.

In Social Security appeals, "[w]e review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir.

2

2004) (quotation marks omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted).  We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner.  Id.

### III.

Mazuji argues that the ALJ and district court (1) ignored some of his symptoms and medical conditions; (2) misrepresented his ability to perform tasks and work due to inaccurate conclusions or omissions about his physical capacity, the time and energy required for physical therapy,[1] and the effect of his pain medication; and (3) should not have credited the testimony of the state agency's medical consultant, Dr. Peele, or the vocational expert Howard Feldman, who testified at the hearing.[2]

---

[1] As of September 2009, Mazuji's physical therapy consisted of two 90-minute sessions per week.  The record also shows that, in reaching his ultimate conclusion, the ALJ considered Mazuji's claims that his injuries and therapy consume all his time.

[2] We construe Mazuji's brief liberally, as we are required to do.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Mazuji's briefs focus mostly on describing the difficult, painful, and lengthy recovery he has had after his bicycle accident. We do not discount his retelling of his experience. Neither did the ALJ, who found that Mazuji was disabled and entitled to benefits for the year and a half following the accident. Even after this time period the ALJ concluded that Mazuji's condition limited his capacity to work and prevented him from performing past relevant work. However, based on the record before us, we must affirm the district court's finding that the ALJ's conclusion—that by April 2010 Mazuji's condition improved to the point that he was able to perform some sedentary work that existed within the economy—was supported by substantial evidence.

### A.  Medical and Residual Functional Capacity Improvement

To determine whether a claimant's disability has ceased, the ALJ must decide whether the claimant has experienced medical improvement in his condition. 20 C.F.R. § 404.1594(f)(3). Medical improvement is defined as any decrease in the medical severity of the claimant's impairment(s) based on changes in the symptoms, signs, and/or laboratory findings associated with the claimant's impairment(s). Id. § 404.1594(b)(1). If the claimant has experienced medical improvement, the ALJ must determine if the medical improvement relates to the claimant's ability to work. Id. § 404.1594(f)(4). Medical improvement relates to a claimant's ability to work if a claimant has had a decrease in the severity of his

impairment(s) and his residual functional capacity (RFC) has increased. Id. § 404.1594(b)(3).

Applying this framework, substantial evidence supports the ALJ's conclusion that Mazuji's impairments and his RFC improved as of April 2, 2010, and increased his ability to work. After his accident, Mazuji initially had to use a wheel chair and could not lift with his left arm, put weight on his right leg, or do any strenuous activity. But by the time of his hearing in front of the ALJ in September 2010, Mazuji testified that his wrist had "recovered fully." His knee had improved to the point that he stopped using an assistive device or crutches to walk, and he could ride a bike five to ten miles. "[U]nder optimal conditions," he could walk a mile to two miles. He was also able to do work on his computer, attend church, do his own grocery shopping, do his laundry, and clean his bathroom.[3] Although it initially took him longer, he said he was "getting back to [his] old times" in terms of the time required to take care of his personal needs.

The last documented medical visit in the record also shows that the doctor observed "no swelling [or] redness" in Mazuji's knee, and that Mazuji denied

---

[3] The ALJ is permitted to consider daily activities when evaluating a claimant's RFC. Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).

numbness, burning or tingling in [his] extremities."[4]  The doctor also noted Mazuji was

> nontender to palpitation about the lateral, medial anterior and posterior compartments of the [right] knee.  There is no knee effusion.  Ligaments appear to be intact.  There is however crepitus[5] upon passive knee flexion.  Strength is preserved.

The doctor recommended only over-the-counter pain medication.

Mazuji points to other evidence that he still has physical challenges and room for improvement.  But overall, substantial evidence supports the ALJ's conclusion that by April 2, 2010, Mazuji had experienced significant medical improvement and an increase in his RFC.  Although Mazuji disagrees with the ALJ's weighing of some of the evidence, the ALJ's order gave explicit and adequate reasons for failing to credit some of Mazuji's claims.  See Foote v. Chater, 67 F.3d 1553, 1561–62 (11th Cir. 1995) ("If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so.").  Also, to the extent Mazuji is attempting to rely on evidence outside of the record, he has not made a sufficient showing to warrant a remand for the Commissioner to consider additional evidence.  See Caulder v.

---

[4] These medical records, which the ALJ relied upon, are from one of Mazuji's treating physicians, Dr. Kendall Campbell.  Although Mazuji challenges the ALJ's reliance on Dr. Thomas Peele's conclusions, the ALJ "grant[ed] [Dr. Peele's] assessment little weight because it was rendered by a physician who has never had the opportunity to examine, or even meet with and question, [Mazuji]."

[5] Crepitate means to "to make a cracking sound."  Merriam-Webster's Collegiate Dictionary 273 (10th ed. 2000).

6

Bowen, 791 F.2d 872, 876–77 (11th Cir. 1986) (noting federal courts do not examine evidence that was not considered during administrative proceedings unless claimant establishes that "(1) there is new noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level.").

## B.  Ability to Perform Work

Mazuji also challenges the ALJ's conclusion that there are jobs he could perform in the national economy, but substantial evidence supports this finding. The ALJ concluded that Mazuji could perform sedentary work with some limitations.  Sedentary work is characterized by "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  See 20 C.F.R. § 404.1567(a).  A sedentary job involves sitting most of the time with a certain amount of walking and standing to carry out job duties. Id.  As the evidence set forth above shows, Mazuji's condition improved.  This evidence showing Mazuji's medical improvement also demonstrates that the ALJ's finding regarding Mazuji's ability to perform sedentary work is supported by substantial evidence.

Lastly, the ALJ was permitted to rely on the testimony of a vocational expert to establish that there is work available in significant numbers in the national

economy that Mazuji has the capacity to perform.  Foote, 67 F.3d at 1559 ("The burden of showing by substantial evidence that a person who can no longer perform his former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony.").  The ALJ relied on vocational expert Dr. Howard Feldman, who was asked to consider a hypothetical individual with the same age, education, work experience, and RFC as Mazuji.  Dr. Feldman testified that Mazuji could do bench assembly work, electronic assembly, or work as a toll or ticket taker.  Under this Circuit's law, Mazuji "must then prove that he is unable to perform [those] jobs."  Doughty v. Apfel, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).  Mazuji does not offer any support for his counter arguments that Dr. Feldman is biased, that his testimony is not based on personal experience of having a similar injury or on statistics of other individuals with similar injuries, and that he did not review Mazuji's medical records.  Neither do Mazuji's arguments show he is unable to perform the jobs Dr. Feldman identified.

## IV.

Because the ALJ's findings were based on substantial evidence, the district court's order is **AFFIRMED.**

8