**Robert L. NORRIS, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Washington, D.C., Defendant-Appellee.**

**No. 84–5479.**

United States Court of Appeals, Eleventh Circuit.

May 20, 1985.

Frank J. Neff, Barkan & Neff, Columbus, Ohio, for plaintiff-appellant.

Stanley Marcus, U.S. Atty., Pamela A. Hornett, Linda Collins Hertz, Anna Barnett, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before HENDERSON and HATCHETT, Circuit Judges, and ALLGOOD *, District Judge.

HATCHETT, Circuit Judge:

This action was brought pursuant to 42 U.S.C.A. § 405(g) (West 1975) to obtain judicial review of a final decision of the Secretary of Health and Human Services (Secretary), which denied appellant's claim for disability insurance benefits under Title II of the Social Security Act. Because the Secretary's decision is supported by substantial evidence in the record, we affirm.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

## FACTS

Robert L. Norris, the appellant, is a 64-year old former automobile body worker who alleges that he suffers from a disability beginning November 6, 1980, due to impairments of his back, right shoulder, right hand, and right knee. Norris completed two years at Newton Business College. On March 5, 1982, Norris filed for disability insurance benefits. Following an August 4, 1982 hearing the administrative law judge (ALJ) decided that Norris was ineligible to receive insurance benefits because he was not "disabled" under the Social Security Act. 20 C.F.R. § 404.1520(c) (1984). On March 2, 1982, the Appeals Council denied Norris's request for review. Subsequently, Norris filed this suit in the district court.

On September 7, 1983, the magistrate issued his report and recommendation that the decision of the Secretary be reversed and remanded to further develop the record and establish the severity of Norris's claims of pain. On April 23, 1984, the district court entered an order rejecting the magistrate's recommendation and affirming the Secretary's decision denying disability insurance benefits. Norris appealed.

We must determine whether the district court erred in holding that the ALJ's decision was supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir.1983).

## CONTENTIONS

Norris argues that the ALJ erred in his finding that Norris was not "disabled" under 20 C.F.R. § 404.1520(c). Norris asserts that the administrative record is replete with uncontroverted medical evidence which establishes that his physical disorders are sufficient to render him totally disabled. Further, Norris argues that, contrary to the ALJ and district court, the magistrate correctly found that the ALJ erroneously applied the "sit and squirm" test of disability, which is contrary to the established case law. *Freeman v. Schweiker*, 681 F.2d 727 (11th Cir.1982). Also, Norris asserts that the ALJ failed to

consider his advanced age, limited education, and past work experience. Norris insists that because the medical evidence is contrary to the Secretary's conclusions, the ALJ's decision should be reversed.

The Secretary argues that her decision that Norris is not suffering from a severe impairment is supported by substantial medical evidence. The Secretary asserts that Norris failed to establish any physical or mental impairment which precluded all substantial gainful activity after August 15, 1979, the date he was last employed. The lack of medical evidence to support his claim of disability constitutes substantial evidence that Norris does not have a severe impairment and is not disabled. The Secretary contends that where, as here, a social security disability applicant has the capacity to engage in basic work activities, he cannot be considered disabled and is not, therefore, entitled to social security benefits. 20 C.F.R. § 404.1520(c).

The Secretary challenges Norris's contention that the ALJ applied an arbitrary "sit and squirm" test in evaluating the disability claim. To the contrary, four factors were utilized to determine whether the applicant met the determination of disability. These factors were: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain as testified to by claimant and corroborated by other observers; and (4) the claimant's age, education, and work history. The Secretary argues that the district court properly recognized that the ALJ's decision was supported by substantial evidence; consequently, the ALJ's decision should be affirmed.

## MEDICAL EVIDENCE

Several medical doctors examined Norris between 1981 and 1982. Dr. William Ertag, Norris's treating neurologist, reported that Norris had a history of low back pain which increased with activity. Dr. Ertag diagnosed Norris's condition as spina bifida, lumbar spondylosis deformans, lumbar strain with facet joint irritation and hiatus hernia. He found Norris to have straight-

ening of the lumbar spine and paravertebral muscle spasm, but no segmental weakness or reflex change. Dr. Ertag found Norris to have chronic back sprain and limited lumbar trunk flexion to 70 degrees. Dr. Ertag recognized that Norris's pain apparently was aggravated by bending, lifting, twisting, and prolonged walking and sitting. Yet, Dr. Ertag detected no sensory loss or progressive weakness in the upper or lower extremities except for the instability of the right thumb.

Dr. Patrick Cullen, an orthopedic surgeon, diagnosed Norris on June 29, 1981. Dr. Cullen diagnosed Norris's condition as spina bifida and osteoarthritis of the lumbar spine which resulted in diminished motion of the neck and lumbar spine. An x-ray revealed a small metallic foreign body in the right hand, along with mild degenerative changes. In both of Norris's hands, his hand grasp was decreased by approximately 25 percent. In Dr. Cullen's opinion, Norris should be considered 100 percent disabled from any type of automobile body work. Further, Dr. Cullen felt that Norris would probably not be able to get back to any aspect of work or labor.

Dr. Edmund Weidner, a family practitioner, examined Norris on April 6, 1982. Dr. Weidner diagnosed Norris as having spina bifida occulta chronic low back pain, along with degenerative arthritis of the lumbosacral spine and right hand. Dr. Weidner recognized that while Norris's shoulders had a normal range of motion, Norris experienced difficulty lifting his right arm. Also, Dr. Weidner detected no active muscle spasms or muscle weakness; he observed that Norris walked with a slight limp of the right leg.

Dr. Jeffrey McCartney, a neurologist, examined Norris on July 12, 1982. Dr. McCartney found Norris to have chronic back sprain, tendinitis of the right shoulders, and instability of the right thumb. He recognized that Norris's lumbar spine had limited motion.

Two radiologists, Drs. Michael A. Kyle and Adams Fueredi, found Norris to have a relatively normal right knee and right shoulder. While Dr. Kyle observed evidence of disk degenerative narrowing and osteoarthritic lipping of the spine, Dr. Fueredi found Norris to have spina bifida occulta.

## DISCUSSION

The ALJ must consider the claimant's subjective testimony of pain. *Boyd v. Heckler*, 704 F.2d 1207, 1210–11 (11th Cir. 1983). Norris testified that he has trouble gripping objects in his right hand due to surgery on his thumb. He stated that he cannot raise his arm above shoulder level, and that his knee gives way when he walks on rough ground. Norris claims to be in constant pain which intensifies when he bends or lifts; Norris stated that he winds up "flat on my. back" following such exertion. Furthermore, Norris claims to experience pain when he sits, stands, or walks for several minutes. Also, Norris testified that when he coughed, the pain radiated to his right leg; he still takes medication to alleviate his back pain.

Following a review of the evidence and testimony of the appellant and medical experts, the ALJ determined that Norris does not experience pain so severe as to significantly interfere with his ability to engage in work-related tasks; therefore, Norris is not disabled. The ALJ recognized that although pain can be the basis for a finding of disability, Norris's claims of severe pain were not credible. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982). The issue of credibility is reserved to the Secretary; an ALJ may properly challenge the credibility of a claimant who asserts he is disabled by subjective complaints. *Smallwood v. Schweiker*, 681 F.2d 1349, 1351 (11th Cir.1982).

The ALJ based his credibility determination on his observations of Norris at the hearing and his finding of insufficient clinical evidence to document the severity of Norris's pain. The ALJ stated that while closely observing Norris at the hearing, "there were no apparently physical signs which would be related to con-

stant and severe pain. He displayed no significant problem ambulating around the hearing room or sitting throughout the hearing." Norris argues that the ALJ improperly applied the "sit and squirm" test and rejected the medical evidence because the ALJ based his decision, in part, upon his personal observations at the hearing. *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.1982). We disagree; the ALJ properly considered all the evidence presented. In his order, the ALJ discussed, at length, Norris's medical evidence. In addition to his observations, the ALJ explained that he considered the objective medical evidence and Norris's testimony. In *Freeman*, we did not intend to prohibit an ALJ from considering the claimant's appearance and demeanor during the hearing. Rather, an ALJ must not impose his observations in lieu of a consideration of the medical evidence presented.

▇▇ We do not accept an ALJ's mere reliance on his observation of a claimant during a hearing as the only basis upon which to reject a claimant's reference to pain. "Pain unaccompanied by any objectively observable symptoms may be so real and so intense as to be disabling so as to support a claim for disability benefits." *Freeman*, 681 F.2d at 731. Pain can be disabling even when its existence is unsupported by objective medical evidence if linked to a medically determinable impairment. *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982). We find that the medical evidence does not support Norris's claim of disabling pain.

▇▇ On appellate review, we defer often to the district court's findings based upon his observation and assessment of a witness's demeanor during a trial. Likewise, an ALJ is afforded an opportunity to consider a claimant's demeanor during his hearing. The ALJ, however, must not reject the objective medical evidence and claimant's testimony solely upon his observation during the hearing; rather, the ALJ may consider a claimant's demeanor among other criteria in making credibility determinations. Because we find that the ALJ's

decision is supported by substantial evidence, we affirm.

**AFFIRMED.**