[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15131
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01030-CV-T-TGW

ANNIE SALAZAR,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 6, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Annie Victoria Salazar appeals the district court's order affirming the Social

Security Administration's (the "Agency") denial of her application for supplemental security income ("SSI"). On appeal, Salazar argues that the administrative law judge ("ALJ") erred in finding that she was not disabled because his determination that Salazar's hand injuries did not constitute a severe impairment was not supported by substantial evidence. Salazar asserts that this determination contradicted the medical evidence in the record, and alternatively asserts that, because the hearing was held several years after her hand injuries, the ALJ should have ordered an updated consultative examination to determine if her hand injury allegations were consistent with her current medical condition. Salazar further argues that the ALJ erred by excluding limitations on hand use from the hypothetical question he presented to a vocational expert ("VE") at the hearing, and by relying on the VE's answer. Upon review of the record and consideration of the parties' briefs, we affirm.

## I. STANDARD OF REVIEW

We review the Agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Miles v.*

*Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (citation and quotation omitted). We do not re-weigh the evidence or substitute our own judgment for that of the Commissioner. *Id.* (citation omitted). "If the [Agency]'s decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Id.* (citation omitted). However, there is no presumption "that the [Agency] followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." *Id.* (citation omitted).

## II. DISCUSSION

The social security regulations establish a "five-step sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1). If the Agency finds a claimant disabled or not disabled at any given step, it does not go on to the next step. *Id.* §416.920(a)(4). Under the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 416.920(b). At the second step, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." *Id.* § 416.920(c). If there is no severe impairment, then the claimant is not disabled, and the claim is denied. *Id.* At the third step, the ALJ must decide whether the claimant's severe impairment meets or medically equals a listed impairment. *Id.* § 416.920(d). If the claimant meets or medically equals a

3

listed impairment, then the claimant is conclusively presumed disabled. *Id.* If the claimant has a severe impairment that does not meet or equal a listed impairment, the ALJ must then determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. *Id.* § 416.920(e) & (f). "[RFC] is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted). Finally, if the claimant cannot perform her past relevant work, the ALJ must then determine whether the claimant can perform other work that exists in the national economy. 20 C.F.R. § 416.920(g).

The sequential process places a "very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citation omitted). Until step five is reached, the burden is on the claimant to introduce evidence in support of her application for benefits. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

## A. Severe Impairment

Salazar argues that the ALJ erred in finding that she was not disabled because he failed to find that her hand injuries constituted a severe impairment.

4

With regard to step two of the sequential process, an impairment is "severe" if it "significantly limits claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (citation omitted). An impairment is not severe if it is a "slight abnormality" that has "a minimal effect on the individual that . . . would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). Although the claimant bears the burden of showing severity, the burden is mild, such that a claimant need only show "her impairment is not so slight and its effect is not so minimal" as to be trivial. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

In cases where a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, we apply a three-part "pain standard." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). This standard requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.*

5

If the ALJ decides not to credit a claimant's subjective testimony, "he must articulate explicit and adequate reasons for doing so." *Id.* (citation omitted). If the ALJ fails to articulate reasons for discrediting the claimant's testimony, then that testimony must be accepted as true. *Id.* (citation omitted). In evaluating a claimant's credibility, the ALJ may consider, among other things, the claimant's daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984) (per curiam). Additionally, the ALJ may consider the claimant's "appearance and demeanor during the hearing" as a basis of credibility, although he cannot weigh it above objective medical evidence. *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985).

The ALJ is responsible for developing a full and fair record. *Ellison*, 355 F.3d at 1276 (citation omitted). In determining whether it is necessary to remand a case for development of the record, this Court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (citation and quotation omitted). Under the social security regulations, the ALJ may order additional consultative examinations if the medical evidence submitted by the claimant does not provide enough information about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917. Nevertheless, the ALJ is not required

to order additional examinations if the evidence in the record is sufficient to allow him to make an informed decision. *Ingram*, 496 F.3d at 1269 (citation omitted).

The ALJ found that Salazar's hand injuries were not severe for the purposes of step two of the sequential analysis. The ALJ based his finding on Salazar's failure to attribute certain alleged limitations to her hand injuries. Furthermore, between October 8, 2003, her disability onset date, and December 28, 2006, the date of the ALJ's decision, a consultative physician examined Salazar and observed no weakness in her hand, and numerous other medical sources during that time were consistent with this. Additionally, during a hearing at which a qualified representative was present on her behalf, Salazar did not request a new exam. Moreover, Salazar's daily activities were a permissible factor for the ALJ to consider in evaluating whether Salazar's account of her hand injuries was credible. *See Watson*, 738 F.2d at 1172. To this extent, the record reflects that Salazar reported the ability to cook, care for herself, perform household chores, shop, and drive, albeit with some difficulty. At her hearing she testified that she could dress, groom, and bathe, although it took longer than normal. Any difficulty that Salazar reported in performing these tasks was attributed to chest pain or shortness of breath, and not to inability to use her hands. Therefore, the ALJ properly

concluded that evidence of Salazar's activities tended to undermine the severity of her hand injuries.

Similarly, the ALJ was permitted to consider his observation that Salazar "firmly" grasped her walker at the hearing, which directly contradicted her testimony that she was unable to clench her hands into a fist. *See Norris*, 760 F.2d at 1158. To the extent that reliance on this observation is limited, it is not inconsistent with the objective medical record. *See id*. Rather, the medical record indicates that after Salazar received surgery on her left wrist in 2001, she attended emergency rooms and other medical appointments, but did not complain about any problems with her hands. On at least one occasion, she declined to tell an examining physician that she hand a history of hand injuries. On several occasions, Salazar's hand strength was observed to be weaker than normal. However, none of these examiners opined that the weakness in Salazar's hand would impair her ability to perform light work. By contrast, an examiner reported in 2003 that she could perform light work with limitations in her right hand, which was superseded in 2004 by two different examiners' reports that she had no manipulative limitations at all in her hands. By including this evidence in his written decision, the ALJ presented "explicit and adequate" reasons for

discrediting Salazar's allegations regarding the intensity of her hand injuries and its effect on her ability to use her hand. *Holt*, 921 F.2d at 1223.

In light of medical evidence indicating that her hand injuries were not severe, and Salazar's own observed and reported behavior indicating that her injuries had no effect on her ability to perform work, Salazar did not meet her burden of showing that her hand injuries constituted a "severe impairment." Accordingly, we hold that substantial evidence supported the ALJ's finding that Salazar's hand injuries were not severe.

## B.     Hypothetical Question

Salazar argues that the ALJ erred by relying on the testimony of a VE who responded to an incomplete hypothetical question. Salazar asserts that the ALJ excluded limitations on hand use from the hypothetical question without setting forth specific and legitimate reasons. This caused the ALJ to pose an incomplete hypothetical to the VE, whose answer included jobs that required frequent handling. Because the question to the VE was incomplete, Salazar asserts, the VE's answer did not constitute substantial evidence to support the ALJ's determination on her disability.

Under step five of the sequential evaluation process, the ALJ must determine whether the claimant is able to perform other work that exists in the national

9

economy. 20 C.F.R. § 404.1520(g). At this step, the claimant has shown that she cannot perform past relevant work, and the burden then temporarily shifts to the Commissioner to determine whether there is other work available in significant numbers in the national economy that the claimant is able to perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

If the ALJ finds that the claimant is able to perform other work, he "must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam). One way in which the ALJ may determine whether the claimant is able to perform other jobs is by posing a hypothetical question to a VE. *See id.* "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* Nevertheless, the ALJ's hypothetical need not include a claimant's asserted impairments that are not supported by medical evidence, or that are controlled or alleviated by medication. *Ingram*, 496 F.3d at 1270 ("The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant.") (internal citation omitted).

Having found that the record does not support Salazar's contention that her ability to use her hands was limited, the ALJ was under no obligation to include such limitations in his hypothetical question to the VE. Therefore, the hypothetical question was not incomplete. Accordingly, we hold that substantial evidence supported the ALJ's reliance on the response to the hypothetical in determining that Salazar was not disabled.

## III. CONCLUSION

In sum, the ALJ had substantial evidence upon which to base his finding that Salazar's hand injuries were not severe. Similarly, the ALJ properly relied on the VE's answer to his complete question regarding the existence of jobs. Accordingly, we affirm the Agency's denial of SSI.

**AFFIRMED.**