[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

No. 11-15487
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-00714-SDM-AEP


CHRISTOPHER J. KALISHEK,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 30, 2012)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Kalishek appeals the district court's order affirming the

Commissioner's administrative denial of his applications for a period of disability and Disability Insurance Benefits ("DIB"), 42 U.S.C. § 405(g). On appeal, Kalishek first argues that the administrative law judge ("ALJ") did not make detailed findings or seriously discuss whether his impairment met Listing 1.02A, regarding major dysfunction of a joint or joints, in the Listing of Impairments ("Listings"). He contends that he was not able to effectively ambulate, as required by Listing 1.02A. He argues that his position was supported by the medical evidence, including an opinion from his treating physician that was submitted to the Appeals Council after the ALJ had issued his decision. Secondly, Kalishek argues that the ALJ erred in finding him not credible because his testimony and statements as to the intensity, persistence, and limiting effects of his pain were not inconsistent.

I.

We review *de novo* the district court's decision as to whether substantial evidence supports the ALJ's decision. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted).

Normally, we review the decision of the ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Id.* However, "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262, 1266 (11th Cir. 2007).

A person is disabled under the Social Security Act if they have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The agency uses a five-step sequential evaluation process when determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. First, if the claimant is performing substantial gainful activity, the claimant is not disabled. *Id.* § 404.1520(a)(4)(i). If not, then the Commissioner considers the medical severity of the claimant's impairments at the second step. *Id.* § 404.1520(a)(4)(ii). At the third step, if the Commissioner determines that the claimant's impairment or combination of impairments meets or equals a listed impairment, then the claimant is considered disabled, regardless of the claimant's age, education, or work experience. *Id.* § 404.1520(a)(4)(iii), (d).

3

If not, at the fourth step, the Commissioner considers the claimant's residual functional capacity and ability to perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform any past relevant work, the Commissioner then determines, at the fifth step, whether the claimant, based on their residual functional capacity, age, education, and work experience, can make an adjustment to other work. *Id.* § 404.1520(a)(4)(v). If the Commissioner finds that the claimant can make such an adjustment, then the Commissioner will find that the claimant is not disabled. *Id.*

The claimant has the burden of proving that an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. 20 C.F.R. § 404.1525(a)-(d); *Wilson*, 284 F.3d at 1224. To "medically equal" a Listing, the medical findings must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a); *Wilson*, 284 F.3d at 1224. If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to the criteria of any

4

listed impairment. *Id.* An impairment that meets only some of the criteria of a Listing, no matter how severely, does not qualify. 20 C.F.R. § 416.925(c)(3). The ALJ's finding as to whether a claimant meets a listed impairment may be implied from the record. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). Furthermore, while the ALJ must consider the Listings in making its disability determination, "it is not required that the [ALJ] mechanically recite the evidence leading to [its] determination." *Id.*

Listing 1.02A defines major dysfunction of a joint or joints as being characterized by: (1) "gross anatomical deformity," which includes subluxation (malpositioning of a bone), contracture, bony or fibrous anklyosis, or instability; (2) chronic joint pain and stiffness with signs of either limitation of motion or other abnormal motion of the affected joint or joints; (3) findings on "appropriate medically acceptable imaging" of either joint space narrowing, bony destruction, or anklyosis of the affected joint or joints; and (4) the involvement of one major peripheral weight-bearing joint, such as the knee, hip, or ankle, resulting in an inability to ambulate effectively, as defined in Listing 1.00B2b. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.02A. The inability to ambulate effectively is defined as "an extreme limitation of the ability to walk," or an impairment that "interferes very seriously with the individual's ability to independently initiate, sustain, or

5

complete activities." *Id.* § 1.00B2b(1). The inability to ambulate effectively is also generally defined as having insufficient functioning of the lower extremities such that the claimant cannot independently ambulate without the use of a hand-held assistive device "that limits the functioning of both upper extremities." *Id.* To be able to ambulate effectively, claimants:

> [M]ust be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* § 1.00B2b(2).

Normally, the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford*, 363 F.3d at 1159. A treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory. *Id.*

Upon review of the record and consideration of the parties' briefs, we affirm. This record reflects that substantial evidence supports the agency's

6

conclusion that Kalishek did not meet Listing 1.02A because, in light of the medical evidence and Kalishek's own testimony, the ALJ reasonably could have concluded that Kalishek could effectively ambulate. Furthermore, the additional opinions submitted by Kalishek's treating physician after the ALJ had rendered its decision do not render the ALJ's findings erroneous because the opinions were wholly conclusory and unaccompanied by any objective medical evidence.

## II.

When a claimant testifies to subjective complaints of pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Failure to articulate the reasons for discrediting such testimony mandates that the testimony, as a matter of law, be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988). However, if the ALJ clearly articulates adequate reasons for its finding, and there is substantial supporting evidence in the record, we will not disturb the credibility finding on review. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). An ALJ is allowed to consider a claimant's daily activities when determining whether a claimant's testimony regarding symptoms such as pain is not credible, as well as whether medication helped the claimant's condition. *See* 20 C.F.R. § 404.1529(c)(3)(i), (iv). Furthermore, the ALJ may

consider the claimant's demeanor and appearance at the hearing in evaluating credibility. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987). The ALJ's consideration of the claimant's demeanor, however, must not be the sole consideration in making a credibility determination. *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985).

Because the ALJ clearly articulated reasons in support of its finding that Kalishek was not credible, and those reasons are supported by substantial evidence, we will not disturb the ALJ's credibility finding.

**AFFIRMED.**