[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10594
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00427-RV-CJK


GLENDA W. WEEKLEY,

                                                        Plaintiff-Appellant,

versus


COMMISSIONER OF SOCIAL SECURITY

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 13, 2012)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Glenda Weekley appeals the denial of her application for a period of disability insurance benefits by the Commissioner of the Social Security Administration ("Commissioner").  *See* 42 U.S.C. § 405(g).  Upon review of the record and the briefs, we affirm.[1]

I.

The Administrative Law Judge ("ALJ") found that through the date last insured, Weekley possessed the following severe impairments: status post cervical diskectomy and fusion, status post re-do cervical diskectomy and fusion with instrumentation, cervical degenerative disc disease, and muscle tension headaches. But the ALJ found that none of Weekley's impairments or combination of impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  After reviewing the record the ALJ concluded that Weekley's pain and functional limitations were not as significant as she alleged.  The ALJ believed that Weekley retained the physical residual functional capacity to perform at least at the sedentary strength or exertional level, in function-by-function physical terms, with certain exertional and postural

---

[1] We do not address Weekley's argument regarding the support for the ALJ's determination of residual functional capacity because it was not raised in the district court.  *See Stewart v. Dept. of Health and Human Servs.*, 26 F.3d 115, 115–16 (11th Cir. 1994) ("As a general principle, this court will not address an argument that has not been raised in the district court.").

2

restrictions associated with the level of exertion.  According to the ALJ, Weekley's past relevant work as a loan officer and bank branch manager did not require the performance of work-related activities precluded by her residual functional capacity.  Therefore, the ALJ concluded that Weekley was not disabled at any time from January 1, 1997, the amended alleged disability onset date, through December 31, 2002, the date last insured.

## II.

Weekley first argues that the ALJ committed reversible error by discounting the opinion of Dr. Ruben Timmons, who treated her on 35 different occasions and determined that due to her condition she either was limited to a sub-sedentary level of activity or was unemployable.

We review a Social Security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (internal quotation marks omitted).  If the ALJ's finding is supported by substantial evidence, we must defer to it even if the evidence preponderates against the finding.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d

3

1155, 1158–59 (11th Cir. 2004) (per curiam).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (internal quotation marks and alteration omitted).  On the other hand, reversal is warranted where the ALJ fails either to apply the correct law or to provide us with a sufficient basis for determining that the proper legal analysis has been conducted.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

The ALJ must give a treating physician's opinion "substantial or considerable weight" unless there is good cause to disregard the opinion. *Winschel*, 631 F.3d at 1179.  "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* (internal quotation marks omitted).  The ALJ must clearly articulate his reasons for disregarding a treating physician's opinion. *Id.*; 20 C.F.R. § 404.1527(c)(2).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the: (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence and explanation supporting the opinion; (4) consistency with the

4

record as a whole; (5) specialization in the pertinent medical issues; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c).

Certain matters are reserved to the agency's consideration.  20 C.F.R. § 404.1527(d).  For example, the agency is responsible for determining whether a claimant meets the statutory definition of disability, and a statement by a medical source that a claimant is "disabled" or "unable to work" does not mean that the agency must determine a claimant to be disabled.  *Id.*  In instances in which a treating physician makes such conclusory statements, the ALJ may afford them such weight as is supported by the clinical or laboratory findings and other consistent evidence of the claimant's impairments.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam).  When the ALJ has articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam).

Here, the ALJ's decision to afford minimal evidentiary weight to Dr. Timmons's opinions regarding Weekley's symptoms and functional limitations is supported by substantial evidence that Weekley was not credible and by findings recorded by Weekley's treating neurosurgeon.  There is evidence that Weekley exaggerated the severity of her symptoms when she was under the care of Dr.

5

Timmons.  In 1998 during a functional capacity evaluation, the examiner noted that Weekley exerted sub-maximal effort, exhibited symptom magnification behaviors, and reported disproportionate pain scale ratings that were not in accordance with her behavior.  A functional capacity evaluation in 2000 also noted sub-maximal effort.  Dr. Timmons's opinion was informed by Weekley's persistent, subjective complaints of pain, but the functional capacity evaluations raise concerns about Weekley's credibility and the reliability of Dr. Timmons's opinion.  Weekley's credibility is also undermined by evidence that she exaggerated her symptoms when she was seen by Dr. Slobodian.  Dr. Slobodian had evaluated Weekley and had formed an opinion about her condition.  But after viewing a video of Weekley riding a jet ski and performing other activities that were inconsistent with her supposed debilitating disability, Dr. Slobodian testified that he did not believe Weekley had been truthful during his evaluation of her.

Additionally, Weekley's treating neurosurgeon, Dr. Raymon, could not explain Weekley's complaints of pain after an office visit in 1999.  He did not believe the pain was created by cervical radiculopathy or cord compression.  He also could find no diagnostic evidence that indicated nonunion or "slippage of the instrumentation system."  Dr. Raymon reviewed an MRI that showed that Weekley had two small disc herniations, but because of their location he did not believe

6

they were causing Weekley's reported symptoms.  Dr. Raymon recommended that

Weekley work at a sedentary work status.  Moreover, the ALJ was not required to

give evidentiary weight to Dr. Timmons's opinion that Weekley was

unemployable because the determination is one that is reserved to the

Commissioner.  *See* 20 C.F.R. § 404.1527(d).

Weekley also argues that the ALJ committed reversible error by failing to

evaluate her pain-related testimony under this Court's three-part standard.  She

contends that by failing to properly evaluate her testimony and complaints of pain,

the ALJ's determination that she was not credible is not supported by substantial

evidence.

An individual seeking Social Security disability benefits bears the burden of

proving that she is disabled.  *Moore*, 405 F.3d at 1211.  A claimant may establish

that she has a disability through her own testimony regarding her pain or other

subjective symptoms.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)

(per curiam).  In such a case, the claimant must show:

> (1) evidence of an underlying medical condition and either (2)
> objective medical evidence that confirms the severity of the alleged
> pain arising from that condition or (3) that the objectively determined
> medical condition is of such a severity that it can be reasonably
> expected to give rise to the alleged pain.

*Id.*  Reversal is warranted if the ALJ's decision contains no evidence of the proper

7

application of the three-part standard. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). The ALJ is not required to recite the pain standard word for word, but instead, must make findings that indicate that the standard was applied. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225–26 (11th Cir. 2002) (per curiam) (holding that the ALJ did not err where his findings and discussion indicated that the three-part standard was applied and he cited to 20 C.F.R. § 404.1529).

In evaluating a claimant's testimony, the ALJ should also consider: (1) the claimant's daily activities; (2) the "duration, frequency, and intensity" of the claimant's symptoms; (3) "[p]recipitating and aggravating factors;" (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms. 20 C.F.R. § 404.1529(c)(3). Additionally, the ALJ may consider the claimant's "appearance and demeanor during the hearing" as a basis of credibility, although it cannot impose his observations in lieu of a consideration of the objective medical evidence. *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985). The ALJ is to consider these factors in light of the other evidence in the record. 20 C.F.R. § 404.1529(c)(4). If the ALJ discredits the claimant's testimony as to her subjective symptoms, it "must clearly articulate explicit and adequate reasons for"

8

doing so. *Dyer*, 395 F.3d at 1210 (internal quotation marks omitted). The ALJ must also show that it considered the claimant's medical condition as a whole. *Id.*

Here, the ALJ did not err by failing to explicitly cite to our three-part standard because the record reflects that the ALJ considered and cited to the regulations on which the standard is based and applied the standard correctly. Furthermore, substantial evidence supports the ALJ's determination that Weekley's subjective complaints of pain were not credible. When making a credibility determination, the ALJ must show that he considered the claimant's "medical condition as a whole," and in this case, the ALJ's analysis of the objective medical evidence and other evidence in the record complies with this requirement. *See Dyer*, 395 F.3d at 1210.

Because substantial evidence supports the ALJ's conclusions, "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (internal quotation marks and alteration omitted).

**AFFIRMED**.

9