[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12579
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cv-01248-LSC

CHRISTOPHER WOOD,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 12, 2018)

Before WILSON, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Christopher Wood appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration to deny his application for supplemental security income.  He makes four arguments on appeal: (1) that the Administrative Law Judge erred by failing to afford the proper weight to the opinions of his examining psychologist, Dr. David Wilson; (2) that the ALJ failed to consider all of his severe impairments and therefore erred in determining he had the residual functional capacity to perform light work; (3) that the ALJ engaged in improper "sit and squirm" jurisprudence; and (4) that the case should be remanded for consideration under a newly issued Social Security Ruling, SSR 16-3p.  After careful review of the record and the parties' briefs, we affirm.[1]

## I

We review *de novo* the legal principles applied by the ALJ, but "we are limited to assessing whether the ALJ's resulting decision is supported by substantial evidence."  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015).  "Under the substantial evidence standard, [we] will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  *Id*. at 1267 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)).  We will not decide facts anew, make credibility determinations, or re-weigh the evidence.  *See*

---

[1] Because we write for the parties, we set out only what is necessary to explain our decision.

2

*Winschel*, 631 F.3d at 1178. "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). This standard is "the same as that of the district court," so "we neither defer to nor consider any errors in the district court's opinion." *Henry*, 802 F.3d at 1267 (citation and quotation omitted).

## A

Mr. Wood argues that the ALJ erred by failing to afford the proper weight to the opinions of his examining psychologist, Dr. Wilson. We disagree. Our review of the record shows that the ALJ applied the proper legal standard and that substantial evidence supports her conclusion that Dr. Wilson's opinion was due minimal weight.

An ALJ considers many factors when weighing medical opinion evidence, including the examining or treating relationship, the extent to which an opinion is supported, and whether the medical opinion is consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c). "Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." *Id*. *See also* 20 C.F.R. § 416.927(c) (quoting same).

Here, the ALJ explained that each of Dr. Wilson's evaluations—from May of 2011 and June of 2013 respectively—were "not consistent with the objective

3

medical evidence as a whole or the other opinions of record." The ALJ then explained the inconsistencies in detail.

Notably, although Dr. Wilson opined that Mr. Wood had marked limitations in sustained concentration and adaptation, Mr. Wood reported that he watches television and plays video games all day without any reported problems. Further, Dr. Jack Bentley, another examining doctor, noted that Mr. Wood had no problems with attention or concentration while he administered the WAIS-III test.

The ALJ also noted that this opinion was inconsistent by Dr. Wilson's own report from 2013, where he noted that Mr. Wood's thought processes were intact, that he spoke clearly and at a normal rate, and that he was cooperative and respectful. These inconsistencies are appropriate bases for the ALJ to give minimal weight to Dr. Wilson's opinion. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (substantial evidence supported ALJ's decision to discredit examining physician because evidence that claimant was able to work contradicted opinion of total disability).

**B**

Mr. Wood also argues that the ALJ failed to consider all of his severe impairments and therefore erred in determining he had the residual functional capacity ("RFC") to perform light work. Whether or not a claimant has a severe impairment or combination of impairments is considered at step two of the five-

4

step sequential evaluation process set forth in the Social Security Regulations. *See Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v) & 416.920(a)(4)(i)–(v)). An impairment is severe if it "significantly limits the claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

At step two of the analysis, the ALJ determined that Mr. Wood exhibited several severe impairments. Mr. Wood contends that the ALJ should have also found "bipolar disorder, severe depression with extreme mood swings, general anxiety disorder, and suicidal ideation." We are not persuaded that the ALJ erred. Step two is a "filter" which eliminates groundless claims. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). To meet his burden at this step, Mr. Wood only had to show "at least one" severe impairment. *See id*. He met his burden and the ALJ appropriately proceeded to the next step of the sequential analysis. Therefore, any error in not finding additional severe impairments did not harm Mr. Wood.

Moreover, the record also reflects that the ALJ properly considered all of Mr. Wood's impairments and symptoms when assessing his RFC and specified certain restrictions that would accommodate him. *See Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (requiring the ALJ to "determine the claimant's RFC using all relevant medical and other evidence in the case"). Substantial

5

evidence supports the ALJ's conclusion at step four of the analysis that Mr. Wood has the RFC to perform light work. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) ("We will not disturb the Commissioner's decision if, in light of the record as a whole, it appears to be supported by substantial evidence."). The ALJ noted that, with certain restrictions on climbing and changing postures, Mr. Wood was physically capable of performing light work. To reach this conclusion, the ALJ explained that Mr. Wood's leg pain is related to neuropathy, but he had only been treated once and that he does not take any pain or neuropathy medication. The record also shows that Mr. Wood reported that he would go on walks for about two hours, do laundry and other chores when asked, socialize with friends, and used to play basketball.

Regarding Mr. Wood's mental capacity to perform light work, there is evidence that his antisocial behavior, ADHD, and anxiety could be managed if he took prescribed medication, monitored his blood sugar, and maintained a suitable diet for a diabetic. Likewise, evidence that Mr. Wood could go to the movies, watch television, and play video games indicates that he could maintain concentration on tasks for up to two hours. The record as a whole therefore supports the ALJ's determination that, with additional restrictions to account for his mental health impairments and pain symptoms, Mr. Wood could perform light work. *See Lewis*, 125 F.3d at 1439.

## C

Mr. Wood next argues that the ALJ engaged in improper "sit and squirm" jurisprudence. "Sit and squirm" jurisprudence occurs when "an ALJ who is not a medical expert [ ] subjectively arrive[s] at an index of traits which he expects the claimant to manifest at the hearing" and denies the claim if the claimant does not exhibit them. *See Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984) (quotation omitted). That did not happen here. To the contrary, the ALJ appropriately noted that Mr. Wood's ability "to sit during the entire hearing, which lasted just shy of an hour," contradicted his testimony that his pain caused problems with prolonged standing and sitting. The ALJ noted this observation, along with medical evidence and Mr. Wood's testimony about his daily activities, when explaining why she partially discredited his subjective pain complaints. Unlike "sit and squirm" jurisprudence, the ALJ here did not ignore medical evidence and impose her own subjective standards; rather, she appropriately considered his demeanor at the hearing as one of many factors which called Mr. Wood's credibility into question. *See Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985) (noting the prohibition on "sit and squirm" jurisprudence does not "prohibit an ALJ from considering the claimant's appearance and demeanor during

7

the hearing" but rather requires that the ALJ "not impose his observations in lieu of a consideration of the medical evidence presented"). The ALJ did not err in partially rejecting Mr. Wood's subjective testimony. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (holding "that the ALJ made a reasonable decision to reject [claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so").

## II

Finally, Mr. Wood argues that SSR 16-3p is retroactive and requests that we remand his case to the ALJ for consideration of his symptoms in light of the newly issued rule. Following Mr. Wood's briefing on appeal, we issued an opinion addressing this exact issue in *Hargress v. Social Security Administration*, — F.3d —, 2018 WL 1061567 (11th Cir. Feb 27, 2018). In *Hargress*, we held that "SSR 16-3p applies only prospectively and does not provide a basis for remand." *Id*. at *5. Therefore, SSR 16-3p is not retroactive and Mr. Wood's argument for remand is foreclosed by our precedent.

## III

For the foregoing reasons, we conclude that the ALJ's decision in this case correctly applied the law and was supported by substantial evidence. The district court likewise correctly determined that SSR 16-3p did not require remand. We therefore affirm.

**AFFIRMED**.