[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15133
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00689-LSC

PEGGY BATTLES,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 4, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

Peggy Battles appeals the district court's order affirming the Social Security Commissioner's denial of her application for supplemental security income, a period of disability, and disability insurance benefits.

I.

Battles filed her application in January of 2013, alleging that she became disabled in December of 2012. The Social Security Administration denied Battles' application and her request for reconsideration, so she requested a hearing before an administrative law judge.

The ALJ denied Battles' application on September 19, 2014, after applying the five-step analysis for determining eligibility for disability insurance benefits. See 20 C.F.R. § 404.1520(a)(4)(i)–(v). At the first three steps, the ALJ found that Battles had not engaged in substantial gainful activity since December of 2012, that many of her claimed impairments were severe but others were not, and that her impairments did not meet or equal one of the impairments listed in the Code of Federal Regulations. At the fourth step, the ALJ found that Battles had the residual functional capacity to perform sedentary work with certain specified restrictions but that she could not perform any relevant past work. At the fifth and final step, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Battles could perform and that, as a result, she was not disabled.

The Social Security Appeals Council denied Battles' request to review the ALJ's decision. Having exhausted her administrative remedies, Battles filed a civil action in the district court. The district court affirmed the ALJ's decision.

## II.

Where the ALJ denied benefits and the Appeals Council denied review of that decision, "we review the ALJ's decision as the Commissioner's final decision." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). "We review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." Id. That means "[t]he Commissioner's factual findings are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted). "[W]e review de novo the legal principles upon which the Commissioner's decision is based." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

## III.

Battles challenges the ALJ's decision on four grounds. First, she contends that the ALJ failed to give the proper weight to certain medical opinions. Second, she contends that the ALJ improperly relied on his own observations of Battles during the hearing. Third, she contends that the Appeals Council erroneously refused to review additional evidence she submitted to it when it denied her request

3

to review the ALJ's decision.  And fourth, she contends that when the submissions to the Appeals Council are considered, the denial of her application was not supported by substantial evidence.

A.

Battles first contends that the ALJ erred by giving little weight to the medical opinions of three doctors:  Dr. John Keithan, Battles' treating physician from July of 2011 until February of 2013; Dr. Jay Ripka, a physician who examined Battles only once; and Dr. David Wilson, a psychologist who also examined Battles only once.

The ALJ must consider all relevant medical and other evidence to determine a claimant's residual functional capacity.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  Id. at 1179. The ALJ need not "specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . .  is not a broad rejection" insufficient for us "to conclude that the ALJ considered her medical condition as a whole."  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotation marks and alterations omitted).

Battles argues that the ALJ did not give enough weight to the opinion of Dr. Keithan, her treating physician.  "Although the testimony of a treating physician is

generally entitled to substantial or considerable weight, the ALJ may discount that testimony when there is good cause." Hunter v. Soc. Sec. Admin., Comm'r, 808 F.3d 818, 822–23 (11th Cir. 2015) (quotation marks omitted). "Good cause exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Winschel, 631 F.3d at 1179 (quotation marks omitted). "We will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." Hunter, 808 F.3d at 223.

"Here the ALJ did just that." Id.  Dr. Keithan opined that Battles was incapable of lifting even five pounds and that she could not sit, stand, or walk for any part of a workday.  The ALJ found that opinion inconsistent with the other evidence — including Dr. Keithan's own records — and gave it little weight as a result.  "Because the ALJ's rationale was adequate, we will not disturb the credibility determination." Id.

Nor will we disturb the ALJ's credibility determinations with respect to Drs. Ripka and Wilson, who each examined Battles only once.  Unlike the opinions of a treating physician, the opinions of an examiner are not entitled to substantial or considerable weight. See Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).  Dr. Ripka opined that Battles could not walk or stand for fifteen

5

minutes at a time and would need to lie down, sleep, or sit with her leg propped at least at waist level for the vast majority of a workday. The ALJ gave Dr. Ripka's opinion little weight because it was inconsistent with the other evidence — including Dr. Ripka's own findings — and because Dr. Ripka did not have access to Battles' x-rays or MRIs. Dr. Wilson opined that Battles had serious mental symptoms, including problems with memory and communication, that would make it difficult for her to maintain any job. The ALJ found that none of Battles' examining or treating physicians had observed mental symptoms as severe as those observed by Dr. Wilson. The ALJ also noted that, based on his observations, Battles did not exhibit any problems with memory or communication at the hearing. As a result, the ALJ gave Dr. Wilson's opinions little weight because they were inconsistent with other evidence and the ALJ's observations of Battles. Those findings are all supported by substantial evidence.

## B.

Battles next contends that the ALJ improperly relied upon his observations of her at the hearing. Specifically, she argues that he substituted his opinion for that of Dr. Wilson and engaged in "sit and squirm" jurisprudence. See Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982) ("In th[e] [sit and squirm jurisprudence] approach, an ALJ who is not a medical expert . . . subjectively

arrive[s] at an index of traits which he expects the claimant to manifest at the hearing. If the claimant falls short of the index, the claim is denied.").

"[A]n ALJ is afforded an opportunity to consider a claimant's demeanor during h[er] hearing. The ALJ, however, must not reject the objective medical evidence and claimant's testimony solely upon his observation during the hearing . . . ." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985). But "the ALJ may consider a claimant's demeanor among other criteria in making credibility determinations," id., and that's what the ALJ did here. "[T]he ALJ properly considered all the evidence presented," id., and concluded that Dr. Wilson's opinions were inconsistent with other evidence and the ALJ's observations at the hearing. So while the ALJ relied on his observations to some extent, there is no indication that he substituted his judgment for Dr. Wilson's or engaged in "sit and squirm" jurisprudence.

## C.

Battles also contends that the Appeals Council erroneously refused to review the additional evidence she submitted to it when it denied her request to review the ALJ's decision. That evidence consisted of records of psychological examinations conducted in 2015 — after the ALJ's decision.

Additional evidence may be provided to the Appeals Council if the evidence "is new, material, and relates to the period on or before the date of the [ALJ]

hearing decision."  20 C.F.R. § 404.970(a)(5); accord id. § 416.1470(a)(5).  If the additional evidence "does not relate to the period on or before the date of the [ALJ] hearing decision," the Appeals Council will reject it.  Id. § 404.970(c); accord id. § 416.1470(c).  Battles asserts that the Appeals Council did not consider whether her additional evidence was relevant and instead focused only on the date of the examinations.  But the Appeals Council, while denying review, properly determined that the additional evidence "does not affect the [ALJ's] decision" because it "is about a later time" — meaning it does not relate to the period on or before the date of the ALJ hearing decision.  See id. § 404.970(a)(5), 416.1470(a)(5).  The Appeals Council thus rejected the additional evidence in the course of denying her request to review the ALJ's decision.  No further explanation was required.  See Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 785 (11th Cir. 2014) ("[T]he Appeals Council is not required to explain its rationale when denying a request for review.").

## D.

Finally, Battles contends that, when the evidence she submitted to the Appeals Council is taken into account, the denial of her application was not supported by substantial evidence.  Because that contention simply rehashes the arguments discussed above, it fails for reasons we have already discussed.

**AFFIRMED**.

8